UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SELECTION HEALTHCARE SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 21-1936 |
| BLIANT SPECIALTY HOSPITAL, LLC, ET AL | SECTION "B"(2) |

ORDER AND REASONS

Before this Court is plaintiff's motion for attorneys' fees and costs (Rec. Doc. 25). For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 25) is **GRANTED.**

I.   FACTS AND PROCEDURAL HISTORY

This action was filed on October 21, 2021, against defendants Bliant Specialty Hospital, LLC ("Bliant") and Juanita B. Bonds ("Bonds") (hereinafter "defendants") for violations of Louisiana's Unfair Trade Practices Act, La R.S. §§ 51:631 *et seq.* ("LUTPA") and for breach of contract. Rec. Doc. 1. Plaintiff alleged that it provided defendants with over $100,000.00 of contractually agreed upon medical staffing services, and for nearly two years, defendants have consistently failed to pay invoices for services. *Id.*

On April 28, 2022, this Court issued an Order and Reasons granting default judgment against defendants and instructing plaintiff to submit a motion for attorneys' fees to the extent any amounts exceeded the $5,000.00 retainer previously paid. Rec. Doc.

23. Plaintiff filed the instant motion for attorneys' fees and other related nontaxable costs on May 11, 2022. Rec. Doc. 25.

## II. <u>LAW AND ANALYSIS</u>

### A. Standard for Recovering Attorneys' Fees

The rule in the federal court system has long been that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. *Fisk Elec. Co. v. DQSI, L.L.C.*, 740 F. App'x 399, 401 (5th Cir. 2018) (quoting *F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 126 (1974)). "Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees that it has when applying a statute allowing for a discretionary award." *Cable Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. 1980) (per curiam). "Nevertheless, a court in its sound discretion may decline to award attorney's fees authorized by a contractual provision when it believes that such an award would be inequitable and unreasonable." *Id.*

Plaintiff is entitled to attorneys' fees as provided for in the contract between it and defendants.[1] *Kirkland Properties, LLC v. Pillar Income Asset Mgmt.*, Inc., No. 1:19-CV-162-SA-DAS, 2021 WL 1206404 (N.D. Miss. Mar. 30, 2021) ("[U]nder Mississippi law,

---

[1] The contract at issue contains a Mississippi choice of law provision.

attorney's fees may be awarded when authorized by statute, by court order, or by contract.") Defendants agreed to pay plaintiff's reasonable attorneys' fees "for the cost of collection after 120 days" from nonpayment of the invoices. Rec. Doc. 19-3 (Contract Agreement Form). Because plaintiff incurred such fees attempting to collect payment from defendants well beyond the 120-day period, plaintiff is entitled to recover its expended costs.

**B. Recoverability**

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). In those cases,

> the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.* (citations omitted). However, if a party only achieved "partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount. This will be true even where [a party's] claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. Nevertheless, "the most critical factor is the degree of success obtained." *Id.*

In this case, plaintiff was entirely successful on all its claims. In its motion for default judgment, plaintiff successfully

3

argued that it was entitled to damages and attorneys' fees resulting from defendants' breach of contract and unfair trade practices. On April 28, 2022, this Court granted plaintiff's motion for default judgment and found defendants liable for damages in the amount of $336,778.23 (three times the actual damages of $113,259.41), finance charges and pre-judgment interest in the amount of $37,937.60, costs and attorneys' fees in the amount of 5,000.00 (retainer), and post-judgment interest on all sums allowed under law accruing from the date of default judgment until paid. Rec. Doc. 23 (Order & Reasons). Accordingly, plaintiff is entitled to reasonable attorneys' fees and costs. *See Abner v. Kan. City S. Ry. Co.*, No. 03-0765, 2007 WL 1805782, at *5 (W.D. La. June 21, 2007) (quoting *Commonwealth Oil Refin. Co.*, Inc. v. EEOC, 720 F.2d 1383, 1385 (5th Cir. 1983) ("The proper focus is whether the plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought.")

### C. Reasonableness

When determining the reasonableness of attorney's fees, the Fifth Circuit utilizes a two-step process. *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022). First, the district court must calculate the "lodestar." *Saizan v. Delta Concrete Prods. Co.,* 448 F.3d 795, 799 (5th Cir. 2006). The lodestar is calculated by "multiplying the number of hours

4

reasonably expended by an appropriate hourly rate in the community for such work." *Id.* The calculation may be accepted as is or adjusted. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). After calculating the lodestar, a court may then decide to increase or decrease the amount based on the relative weights of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Fessler*, 23 F.4th at 415. Those twelve factors are:

> the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases.

*See id.*

### i.   Calculation of Lodestar

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In documenting the hours expended, attorneys should "exercise 'billing judgment' by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards." *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (quoting *Walker v. U.S.*

*Dept. of Hous. and Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)). "The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended." *Id.* Courts may eliminate hours that are excessive, duplicative, and too vague to permit meaningful review. *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 (E.D. La. 2009).

Reasonable fees are calculated based on the prevailing market rate in the relevant community for attorneys of reasonably comparable skill and experience. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). "Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there." *Chisholm v. Hood*, 90 F. App'x 709, 710 (5th Cir. 2004) (per curiam) (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993)). A court determines hourly rates on a case-by-case basis. *Id.* at 710-711.

Plaintiff's counsel requests a reimbursement of $3,310.00. Total costs associated with litigating this matter totaled $197.42. Rec. Doc. 25-2 (Declaration of Avery Hughes and attached exhibits). Additionally, plaintiff submits that two attorneys worked on this matter, Ben E. clayton and Joshua P. Clayton. Ben Clayton is a partner with over thirty-years of experience practicing law. On the other hand, Joshua Clayton is an associate with ten years of experience. Plaintiff further asserts that it

and counsel agreed to an hourly rate of $200.00. Rec. Doc. 25 at 3. In total, counsel spent 41.80 hours working on this matter, including 1.00 hour billed by their legal assistant. Plaintiff also submits detailed time records for its attorneys that reflect the date, time involved, and nature of services performed. *See generally* Rec. Doc. 25-3 (Billing Invoices).

After reviewing the detailed billing statements, we find that the hours reported are generally reasonable. This lawsuit arose in October 2021 and given neither defendant made an appearance, this matter was timely dispensed with via default judgment. Accordingly, it appears that the forty or so hours plaintiff's counsel incurred generally seem to represent the time necessary to successfully litigate this matter.

Moreover, the rate of $200.00 per hour offered by plaintiff's counsel is extremely reasonable considering their experience in this field. *See M C Bank & Tr. Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $395 was a reasonable hourly rate for an attorney with over 30 years of experience); *Funez v. EBM*, No. 16-01922, 2018 WL 5004806, at *4 (E.D. La. Oct. 16, 2018) (finding a partner rate of $350 per hour reasonable); *Big Lot Stores*, 639 F. Supp. 2d at 701 (finding $225 per hour was a reasonable rate for an associate).

7

ii.  Adjustment Under Johnson Factors

After the lodestar is determined, the Court may adjust the lodestar upward or downward depending on the twelve factors set forth in Johnson. *Johnson*, 488 F. 2d at 717-19. In this case, plaintiff asserts that pursuant to the *Johnson* factors, it should be entitled to collect the attorneys' fees sought. The Court has already considered several *Johnson* factors in its initial lodestar calculation and therefore will not reconsider them to determine whether an adjustment is warranted. *See Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279 (E.D. La. 2008) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998) ("To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.)

New Orleans, Louisiana this 15th day of June, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE